UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALEED KHALID ABU AL-WALEED AL HOOD AL-QARQANI; AHMED KHALID ABU AL-WALEED AL HOOD AL-QARQANI; SHAHA KHALID ABU AL-WALEED AL HOOD AL-QARQANI; NAOUM AL-DOHA KHALID ABU ALWALEED AL HOOD AL-QARQANI; NISREEN MUSTAFA JAWAD ZIKRI,<br><br>*Appellants-Appellants*,<br><br>v.<br><br>CHEVRON CORPORATION; CHEVRON CORPORATION, USA INC.,<br><br>*Respondents-Appellees*.<br><br>*In re*: Edward C. Chung | No. 19-17074<br><br>SPECIAL MASTER PROCEEDING<br><br>DC No. 4:18-cv-03297-JSW<br>ND Cal., Oakland ORDER<br><br>RPC 8.3 REPORT ON JUDICIAL MISCONDUCT AND ATTORNEY EDWARD C. CHUNG'S NOTED OBJECTIONS TO A. WALLACE TASHIMA'S OCTOBER 28, 2022 SPECIAL MASTER REPORT |

## I. INTRODUCTION

**COMES NOW**, Edward C. Chung as a judicial officer of the Ninth Circuit Court of Appeals and hereby respectfully submits his Washington State Rule of Professional Conduct ("RPC") 8.3 Report of Judicial Misconduct and Noted Objections to Special Master, A. Wallace Tashima's October 28, 2022 Special Master Report [DCK# 124]. Contrary to Federal Rule of Civil Procedure 1 that *expressly* limits the applicability of the United States Rules of Civil Procedure to U.S. **district courts**, Special Master Tashima, in a post-mandate[1] proceeding in the **Ninth Circuit Court of Appeals**, has arbitrarily invoked Federal Rule of Civil

---

[1] A "post-mandate" proceeding means a judicial proceeding that, contrary to the rule of law, has continued despite a court order terminating the court's jurisdiction.

1

Procedure 53 for the purposes of conducting a purported impartial[2] fact-finding proceeding to determine the "legitimacy"[3] of a demonstrative/illustrative exhibit that Attorney Chung filed in accordance with Fed. R. App. P. 27-1[4]. In consideration that Federal Rule of Civil Procedure 53 provides an 18-day

---

[2] Special Master Tashima was audio and video on Zoom at commencement of these post-mandate proceedings exposing *ex parte* comments concerning what sanctions did Chevron want imposed against Attorney Chung. When Attorney Chung filed a Motion to Compel production of this admission on the public record, Special Master Tashima used his judicial authority to conceal public record depriving Attorney Chung from using it as evidence on appeal to the U.S. Supreme Court and using it at a purported hearings on sanctions against Attorney Chung by the judges he exposed engaged in judicial misconduct.

[3] It should be noted when asked by Attorney Chung what the "legitimacy of the article" meant, Special Master Tashima did not know. If he did not know and there is no statute, procedural rule or case law in U.S. history sanctioning an attorney for asking **permission** to attach an illustrative exhibit, then how can these post-mandate proceedings conform with American due process? It can't because these star chamber proceedings targeting U.S. lawyers exposing fraud by a kangaroo court undermines the rule of law and is a disgrace to those wearing the robe.

[4] Special Master Tashima's October 28, 2022 Special Master Report, despite extensive briefing by Attorney Chung, neither refers, cites or briefs Ninth Circuit Court Rule Fed. R. App. P. 27-1. Fed. R. App. P. 27-1 allows **any** attorney admitted into the Ninth Circuit to attach "**any paper**". This rule, among other procedural abuses of authority, is in itself fatal to the imposition of any sanction against Attorney Chung. In consideration that Special Master Tashima, unknowingly he was being audio and video recorded on court record asking what sanctions Chevron wants imposed against Attorney Chung, it is not surprising this exculpatory analysis Fed. R. App. P. 27-1 was intentionally omitted from his Report as is Attorney Chung's August 25, 2022 Letter to Judge Tashima and Ninth Circuit Judge Eric Miller [DCK# 121] Invoking RPC 8.4 and detailing what clearly is judicial misconduct and corruption.

timeframe to object to Special Master Report and Recommendation, Attorney Chung hereby submits his objections and, at the same time, ethically addresses a pattern of judicial misconduct and retaliation by certain judges in the Ninth Circuit who have sanctioned attorneys opposing Chevron's counsel, Gibson Dunn & Crutcher's high-profile clients (*e.g.*, Chevron, Dole, Facebook). For the purposes of these objections and for the sake of brevity, Attorney Chung incorporates all briefings, letters and exhibits following the judicial panel's August 12, 2021 Show Cause Order [DCK74] that addresses the legal and judicial intransigence that has occurred and that continues to undermine public confidence and integrity of our Article III courts and judges.

It should be noted that while undersigned counsel has a profound respect and deference for our judicial institutions and those who serve as judges throughout our United States, RPC 8.3 compels him as an officer of the Court to report a judge that has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness. Here, Attorney Chung is reporting Ninth Circuit Court Judge Eric D. Miller and Special Master A. Wallace Tashima's brazen and shameful disregard of their judicial oaths that is not only unethical but is also legally actionable in consideration judicial immunity does not armor a judge that is acting outside the scope of their judicial authority.

3

Here, continuing procedurally prohibited monetary[5] proceeding against an attorney that exposed fraud by the judge's admitted friend, boss and former client after a court ordered termination of judicial proceeding equates to an off-duty police officer using deadly force against a citizen that reported an officer to Internal Affairs. While it is more likely than not that Judge Eric D. Miller, on behalf of the judicial panel, will adopt Judge Tashima's Report and Recommendation for both monetary sanctions and procedurally defunct disciplinary sanctions against Attorney Chung, undersigned counsel wishes to confidently convey that as a matter of conscience and legal ethics Special Master Tashima's unsinged Report and Recommendation is both vindicating and pleasing.

Why? Because it is transparent that Special Master Tashima's October 28, 2022 Recommendation and Report recklessly disregards any and all statutes, case law or procedural rules that exculpates Attorney Chung and that was briefed in detail on the appellate record. Any objective reading of the Special Master Report

---

[5] Special Master Tashima's October 28, 2022 Report and Recommendation for monetary sanctions to be imposed against Attorney Chung for the benefit of Judge Miller's former boss, admitted friend and clients fails to neither refer, cites or brief that Ninth Circuit Local Rule 39-1.6 effectively time bars Chevron's imposition of such sanctions. Attorney Chung specifically briefed this rule among others undermining sanctions; however, Special Master Tashima's Report and Recommendation runs around a rain of exculpatory authority in hopes of not being entrenched with the truth, which is that you do not punish a party that exposes injustice, you rectify such injustice by eliminating it.

4

and Recommendation, when considering the appellate record as a whole, unveils a self-serving agenda predicated on retaliation as opposed to actual law. This is particularly evident when Special Master Tashima elects to invite Chevron's counsel, Gibson Dunn & Crutcher, the very law firm that Attorney Chung revealed was filing falsified translations with the Court and threatening Appellants to withdraw from the proceedings, to represent the Court in these purported impartial *sua sponte* sanction proceedings. What a joke and at the same time a remarkably very sad day for our Article III courts and judges when a judge sinisterly exercises his judicial authority to interfere with a parties appeal and defense by covering up his own indiscretion by concealing and withholding an audio and video recording evidencing *ex parte* communications with Chevron. The public record belongs to the people, not an individual who disguises himself in a judicial robe, but is nothing more than someone dressed in black fabric that lacks both honor and integrity.

## II. NOTED OBJECTIONS TO SPECIAL MASTER REPORT

Without waiving objections to these post-mandate, *sua sponte* sanction proceedings that are in violation of United States Supreme Court's rulings in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), *Calderon v. Thompson*, 523 U.S. 538, 550 (1998), the Ninth Circuit Court of Appeal's Circuit's ruling in *Louisiana-Pacific Corp. v. Asarco, Inc.*, 909 F. 2d 1260, (9th Cir. 1990), the Rules Enabling Act, 28 U.S.C. § 2071, *et. seq.* and Fed. R. App. P. 47 (b), Attorney Chung hereby

respectfully notes the following objections to Special Master Atasuhi Wallace Tashima's October 28, 2022 Special Master Report:

A. **OBJECTION# 1** – *Special Master Tashima's October 28, 2022 Report and Recommendation for Sanctions Does not Refer to, Cite or Even Address Federal Rule of Appellate Procedure 27-1 that Authorizes any Attorney* to Attach "**Any Paper**" to a Motion.

Attorney Chung objects to the erroneous imposition of *sua sponte* sanctions against him predicated on the vague Show Cause Order issued by Judge Eric D. Miller which asked why the non-existent imposition sanctions against Attorney Chung should not be imposed for seeking Fed. R. App. P. 27-1 permission to attach a demonstrative/illustrative supplemental exhibit to Attorney Chung's Motion to Strike Chevron's filing of falsified translations with the Court. Aside from the obvious lack of impartiality and a verifiable court record that Chevron falsified documents, Special Master Tashima tip-toeing around the very authority that allowed Attorney Chung to file an illustrative exhibit is unacceptable and abhorrent. While these objections will undoubtedly fall upon deaf ears and blind eyes to legal authority and reason by a judge who is seeking to legitimize his own judicial misconduct, Attorney Chung nevertheless objects to the disregard of such legal authority.

Many of these noted objections made contained herein are contained in Attorney Chung's Motion to Vacate [DCK# 78] the August 12, 2021 Show Cause Order that the judicial panel to date has never ruled upon and the Attorney Chung's

court ordered briefing that was arbitrarily stricken by a phantom Clerk in the Ninth Circuit who refused to identify himself[6].

**It should be noted that during the pendency of these appellate proceedings Judge Eric D. Miller's Law Clerk was approached by Chevron's counsel and offered a <u>paid</u> Associate position with Gibson Dunn & Crutcher, LLP. Like Judge Miller, Special Master Tashima's former Law Clerk was also offered and accepted a position with Chevron's counsel Gibson Dunn & Crutcher, LLP; the firm that the Special Master appointed to represent it in**

---

[6] It should be noted that this internal judicial impropriety involving Judge Tashima decision in *WB Music Corp., et. al v. Royce International Broadcasting Corporation* (Ninth Circuit Court Case No. 21-55264) was raised by Station owner Ed Stolz argue that "something is amiss" in the timing of when their legal paperwork appeared in the court system. "There is no indication that those briefs were even considered," they write in the petition. Additionally **Judge A. Wallace Tashima** curiously served as a Special Master in sanctions proceedings against Thomas V. Girardi, Walter J. Lack; Paul A. Traina that denied recognition of a foreign judgment against Gibson Dunn's client Dole and effectively suspended the attorneys' from practicing law within the Ninth Circuit. Harvard lawyer and human rights activist Steven Donziger who obtained a multibillion-dollar judgment against Chevron was disbarred and imprisoned for contempt without a jury and privately prosecuted per a *sua sponte* court order by U.S. federal judge Lewis A. Kaplan when the U.S. Attorney General in New York refused to prosecute attorney Dozinger. Gibson Dunn, using falsified evidence, reported California attorney Jorge Dominguez to the California Bar for ethical misconduct. The bar complaint was later dismissed. Even the large DC law firm of Patten Boggs retreated when Gibson Dunn and Chevron alleged that Ecuadorian judgments were a purported sham. Online articles suggest indicated that Chevon bribed witnesses to change their testimony

**these *sua sponte* post-mandate sanction proceedings. This was never disclosed to Attorney Chung but only further bolsters grounds for an appellate recall for judicial collusion between Judge Eric D. Miller and Chevron**. Is something afoul in the Ninth Circuit, the answer is yes and there is not only the need to whistle blow on judicial and legal misconduct but also a the submission of an investigation by the U.S. House Judiciary Committee and the Department of Justice shall proceed.

B.     **OBJECTION# 2** –*Special Master Tashima's October 28, 2022 Report and Recommendation for Monetary Sanctions for Attorneys' Fees Ignores that Chevron's Failure to Timely Motion for an Award of Attorneys' Fees Under Ninth Circuit Local Rule 39-1.6 Effectively Bars Monetary Sanctions.*

Special Master Tashima's October 28, 2022 Report and Recommendation circumvents Ninth Circuit Local Rule 39-1.6. If Special Master Tashima and Judge Eric D. Miller were to read the law Ninth Circuit Local Rule 39-1.6 reads, in part, as follows:

> …a request for attorneys' fees shall be filed no later than 14 days after the expiration of the period within which a petition for rehearing may be filed, unless a timely petition for rehearing is filed. If a timely petition for rehearing is filed, the request for attorneys fees shall be filed ***no later than 14 days after the Court's disposition of the petition***.

Ninth Circuit Local Rule 39-1.6; *emphasis added*.

As the record reflects, Chevron never made any request for attorneys' fees. In an apparent effort to intimidate Attorney Chung from reporting Judge Eric D. Miller,

his former boss, admitted friend and client Chevron, USA, he concocted illusory sanctions to monetarily benefit a close friend by using his judicial authority to disparage the attorney who essentially exposed, and whistle blew this intransigence and possible criminal misconduct related to the tampering of witnesses and Foreign Corrupt Practices in conjunction with SEC violations.

**C. OBJECTION# 3** –*Special Master Tashima's October 28, 2022 Report and Recommendation for Monetary Sanctions Ignores That Both the U.S. Supreme Court and Ninth Circuit Court Rulings Have Limited the Imposition of Appellate Sanctions Against an Attorney to FRAP 38 Violations. The August 12, 2021 Sua, Sponte Show Cause Order Does NOT Allege a FRAP 38 Violation Wherein any Attempt to Impose Sanctions Upon Appellate Counsel in this Case Violates U.S. Supreme Court Precedent, Ninth Circuit Court Rulings, as Well as the Rules Enabling Act.*

Both the U.S. Supreme Court and prior Ninth Circuit Court of Appeal's rulings prohibit this judicial panel in invoking its "inherent authority" for the purposes of imposing district court Fed Rul. Civ. P. 11 sanctions against Attorney Chung in an Appellate Court. Special Master Tashima's October 28, 2022 Report and Recommendation for Monetary Sanctions asserts that the electronic filing and submission of Attorney Chung's motion for Fed. R. App. P. 27-1 permission to file an illustrative exhibit warrants sanctions whereby simply filing permission to file an exhibit never represented as an exhibit amounted to sanctionable conduct and subjective intent to defraud the court. Hogwash! This is not only nonsense but wholly disrgards that such conduct by U.S. Supreme Court and Ninth Circuit authority by the letter of the law is not sanctionable.

9

While the Order to Show Cause cites *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) for the proposition that sanctions may be imposed upon an attorney for violating the Federal Rules of Appellate Procedure, this is actually not wholly accurate. The Chambers case involved a U.S. district's court's "inherent authority" to impose sanctions, it did not involve any sanctions that may be imposed upon an attorney on appeal. In fact, in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), the U.S. Supreme Court held that appellate conduct is controlled only by FRAP 38. In this case, the Order to Show Cause does not allege any FRAP 38 violation.

Following *Cooter & Gell* ruling, the Ninth Circuit declared that what amounts to Rule 11 sanctions in U.S. district courts do not apply in U.S. circuit courts." *See*, *Louisiana-Pacific Corp. v. Asarco, Inc.*, 909 F.2d 1260, 1266 [9th Cir. 1990]. In *Partington v. Gedan*, 923 F.2d 686, 688 (9th Cir. 1991) (en banc), the Ninth Circuit overruled a line of earlier cases insofar as those cases authorized sanctions on appeal. *See also*, In re 60 East 80th Street Equities, Inc., 218 F.3d 109, 119 n.4 (2d Cir. 2000) [**Rule 38, not Rule 11, governs sanctions on appeal**]; DDI Seamless Cylinder Int'l v. General Fire Extinguisher Corp., 14 F.3d 1163, 1167-68 (7th Cir. 1994) [**Circuit courts are limited to Rule 38 when seeking to impose sanctions**]; *Cottrell v. Bendix Corp.*, Nos. 89-1867, 89-2091, 1990 U.S. App. LEXIS 17345, at *13 (6th Cir. Sept. 28, 1990) (*per curiam*) [**Rule 11 not applicable to appellate proceedings**]; *Mortell v. Mortell Co.*, 887 F.2d 1322, 1328 (7th Cir. 1989)

10

Aside from U.S. Supreme Court and nationwide Circuit Court rulings that prohibit appellate sanctions for filings of paper, FRAP 47 (b) provides

> **No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local circuit rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.**

*See*, FRAP 47 (b); emphasis added.

Here, the Special Master Tashima's Report and Recommendation has not identified any federal law, federal rule or local circuit rule that Attorney Chung violated. Nor is there any case law, evidence or findings to place Attorney Chung on notice how a illustrative exhibit, not represented as a publication, could possibly perpetrates a fraud upon the Court. That being said, any imposition of sanctions by use of its "inherent authority" would be a violation of Attorney Chung's due process rights.

In consideration that the Special Master Report did not address FRAP 38 sanctions, not identified any specific procedural rule that Attorney Chung has violated and the fact that U.S. Supreme Court and Ninth Circuit Court rulings prohibit such sanctions, an impartial judicial panel cannot adopt the Special Master's recommendation for monetary od disciplinary sanctions.

**D. OBJECTION# 4** –*Special Master Tashima's October 28, 2022 Report and Recommendation Recommends Disciplinary Sanctions and Possible Contempt Despite Representing to Attorney Chung that Proceedings he was Conducting were not Disciplinary.*

Special Master Tashima at the March 11, 2022 scheduled conference for sanctions advised Attorney Chung that his appointment as Special Master was not for the purposes of imposing "disciplinary sanctions". Special Master Tashima represented that disciplinary sanctions would be sealed and confidential. Nevertheless, his October 28, 2022 Special Master Report and Recommendations propose that disciplinary sanctions be imposed against Attorney Chung as did Gibson Dunn & Crutcher, LLP's counsel Ann Champion.

At the August 26, 2022 scheduled ambush hearing against Attorney Chung, Special Master Tashima states on the record he does not know why Attorney Chung has not appeared despite acknowledging that he read Attorney Chung's August 25, 2022 letter [DCK#121] which provided

> "As a matter of law, I am prohibited from attending this hearing as ***Washington Rule of Professional Conduct 8.4 (f) states it is professional misconduct for a lawyer to, "knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law"***.

> Washington Rule of Professional Conduct 8.4 goes on to state:

>> ***A lawyer may refuse to comply with an obligation imposed by law upon a good faith belief that no valid obligation exists***. *See*, RPC 8.4, Commentary 6; *emphasis added*.

12

It appears from Special Master Tashima's October 28, 2022 Recommendation and Report that he adopts the Nuremberg defense (*aka*, "Superior Orders Defense") where no matter how egregious or unlawful an order is, it must be obeyed. My legal judgment is governed by ethics, but my moral judgment by conscience. Combined I cannot and will not participate in proceedings I know to be unlawful and a farce. I use the word "know" because I witnessed a judge strike all my witnesses without cause, conceal a public record exposing *ex parte* contact and an supplement an appellate court record with *ex parte* exhibits after the Court terminated its jurisdiction. Both Judge Miller and Special Master Tashima not only deprived Attorney Chung of due process and disparaged his name, they have undermined public confidence in our U.S Court here and overseas. These are not fair referees to preside over cases. *See*, https://youtu.be/Neoih-gRdbU

**OBJECTION# 5** –*Special Master Tashima's October 28, 2022 Report and Recommendation Recommends Erroneously Addresses Subjective Bad Faith.*

Special Master and Chevron counsel's Gibson, Dunn and Crutcher, LLP's reliance on U.S. Supreme Court case, *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244–50 (1944) for the proposition that an illustrative exhibit that specifically was offered not as a publication or news article is laughable. Why? Because if anything this case warrants judicial recall of the appellate decision in that in only is applicable if the party that purportedly defrauded the court prevailed. Here, Appellants did not prevail, but applying *Hazel-Atlas Glass Co,* Appellants have

13

more that compelling grounds for a recall of the appellate merits decision in consideration of the Chevron's verifiable fraud in prevailing this matter and collusive entanglement with Ninth Circuit Law Clerks and Judges.

Special Master Tashima did not explain his finding of bad faith, and his conclusion of a willful violation applied the wrong legal standard and is not supported by substantial evidence. As noted above, inherent-power sanctions are governed by "a subjective bad faith standard." *Purchasing Power*, 851 F.3d at 1223. A court "must do more than conclude that a party acted in bad faith." In re Porto, 645 F.3d 1294, 1304 (11th Cir. 2011). Rather, the court must make "a specific finding as to whether counsel's conduct . . . constituted or was tantamount to bad faith" before "any sanction under the court's inherent powers." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("To exercise its inherent power a court must find that the party acted in bad faith.". A finding of bad faith will be reversed if it is **_not_** "**_supported by substantial evidence_**." *Robertson*, 493 F.3d at 1330.

Here, the court did not make any "specific finding" of bad faith. Piper, 447 U.S. at 767. It did not even "mention bad faith or cite the bad-faith standard." Miller, 2021 WL 4240972, at *3 (vacating sanctions for failure to make finding of subjective. To establish bad faith in the sanctions context is imposition os sanctions is stringent. Even "recklessness alone does not constitute conduct tantamount to bad faith." *Purchasing Power*, 851 F.3d at 1223. Recklessness "can be a starting point

14

but requires something more to constitute bad faith." Id. at 1225. Special Master Tashima here made no finding of recklessness, much less any "conduct . . . so egregious" that it is "tantamount to bad faith". By contrast, the types of "egregious conduct" necessitating sanctions typically involve flagrant, **repeated** violations of court directives far beyond the misunderstanding at issue here. See, *Haji v. NCR Corp.*, 834 F. App'x 562, 564 (11th Cir. 2020) ("***willful and flagrant disobedience*** *by failure on "numerous occasions" to comply with discovery orders*"); *See*, *Wimbush v. Georgia*, 673 F. App'x 965, 967 (11th Cir. 2016) ("**disobedience**" was "**willful**" where plaintiff ignored repeated orders to refile an amended complaint and was "**specifically told failure to comply could result in dismissal**"); Martin, 307 F.3d at 1336 & n.2 ("*continual and flagrant abuse of the judicial process,*" including "*misleading the court about the real party in interest,*" "*extensive discovery abuse,*" *and using forged signatures and extortive letters*"); *Mitchel v. VegasSportsConsultants.com*, 2019 WL 3426038, at *3 (S.D. Fla. May 23, 2019) ("***Repeated failures to comply with discovery orders, without any explanation, demonstrates a willful disregard to comply.***").

Here, ironically Attorney Chung followed the law to a "T". He was never warned or informed how such conduct of asking permission to attach an exhibit would be sanctionable. Moreover, the Shoe Cause Order never asks nor did the Court inquire on who wrote the illustrative exhibit. Despite this being protected by

15

***<u>Work Product and attorney client privilege, this issue is moot as the Court ruled it was moot and was never considered and the motion denied.</u>***

Attorney Chung objects to Special Master Tashima's appointment of Chevron's counsel, Gibson, Dunn & Crutcher, LLP's to represent the Court in sua sponte proceedings, as well as any award of attorneys fees. If attorneys fees were to be awarded, as a matter of law any monetary sanction payable to an opposing party must commensurate with the fees "directly and unavoidably" caused by the violation. Here the only attorneys' fees, if any, awardable is Chevron's Response to the Motion to Attach a Supplemental Exhibit. Special Master Tashima wants to award dames for all post mandate appearances. Chevron should never have been present to begin with as jurisdiction terminated. That said in *Divane v. Krull Electric Co.*, 200 F.3d 1020, 1030-31 (7th Cir. 1999), for instance, the Seventh Circuit remanded the case to the district court for a determination of which of the defendant's legal costs were the ***direct result of plaintiff's sanctionable counterclaim***. Although the Seventh Circuit affirmed the district court's decision to award attorneys' fees, it disagreed that plaintiff's sanctionable conduct could have "infected" the entire proceeding so as to make all of defendant's legal expenses the direct result of the sanctionable conduct.

//

//

//

**OBJECTION# 6** –*Special Master Tashima's October 28, 2022 Report and Recommendation Recommends Deprived Attorney Chung Due Process and an Impartial Tribunal.*

"When the individual being sanctioned is an attorney before the court," due process requires "that the attorney must, first, be afforded 'fair notice that [his or her] conduct may warrant sanctions and the reasons why,' and, second, 'be given an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify [his or her] actions.'" *Kornhauser*, 685 F.3d at 1257 (*quoting In re Mroz*, 65 F.3d at 1575-76). The notice and opportunity to be heard must be "meaningful," *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)—the attorney must be sufficiently apprised to allow him to "adequately prepare to litigate the issues at the hearing." *Christensen v. Apfel*, 1999 WL 33595519, at *4 (M.D. Fla. Nov. 5, 1999); *see also Shaygan*, 652 F.3d at 1318 (court violated sanctioned prosecutors' rights by denying them "a meaningful opportunity to be heard").

The August 26, 2022 "hearing" was not constitutionally "meaningful." The court had already prejudged the matter as evidenced by the Zoom audio and video recording it has concealed to date. *See* Kornhauser, 685 F.3d at 1258 (attorney's due process rights violated where court "already branded counsel's violation of the local rule 'intentional' and worthy of sanction" without affording counsel an opportunity to show cause). This "opportunity to be heard"— with no allowance for written submissions and no time for adequate preparation, and which, by the court's own admonition, was futile—was anything but "meaningful." *Armstrong v. Manzo*, 380

17

U.S. 545, 552 (1965) (due process requires an opportunity to be heard "at a meaningful time and in a meaningful manner"); cf. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975) (**due process prohibits "prejudgment" by adjudicator**).

A "fundamental principle" of due process is that laws and regulations "must give fair notice of conduct that is forbidden or required." *Fox Television*, 567 U.S. at 253. Often manifested in the "void for vagueness" doctrine, which requires the invalidation of enactments that do not sufficiently apprise "regulated parties [of] what is required of them so they may act accordingly," this same principle applies throughout "our legal system." *Id.* Court orders, just as much as statutes or regulations, must be sufficiently clear that the parties are "able to discern from the language of a court's order the actions necessary to comply with the court's directive." *Life Techs. Corp. v. Govindaraj*, 931 F.3d 259, 268 (4th Cir. 2019). Orders on which sanctions are based are subject to the same vagueness considerations. *See, e.g.*, *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542-43

*Respectfully submitted this 18th day of November, 2022*

/s/ Edward C. Chung
Edward C. Chung, WSBA# 34292
CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999
*Attorney for Appellants*

18

## **CERTIFICATE OF COMPLIANCE**

In accordance with FRAP 27-1 (d) 1 and (2) the foregoing motion does not exceed 5,200 words and complies with Ninth Circuit Court formatting requirements.

Date this 18th day of November 2022,

      /s/ Edward C. Chung
      Edward C. Chung, WSBA# 34292
      Counsel for Appellants

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*Dated this 18th day of November 2022*

/s/ Edward C. Chung
Edward C. Chung, WSBA# 34292
CHUNG, MALHAS & MANTEL, PLLC
1037 NE 65th Street, Suite 80171
Seattle, Washington 98115
Phone: (206) 264-8999
*Attorney for Appellants*