**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUN 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALEED KHALID ABU AL-WALEED AL HOOD AL-QARQANI; et al., <br><br> Petitioners-Appellants, <br><br> v. <br><br> CHEVRON CORPORATION; CHEVRON USA INC., <br><br> Respondents-Appellees. | No. 19-17074 <br><br> D.C. No. 4:18-cv-03297-JSW <br> Northern District of California, Oakland <br><br> ORDER |

Before: S.R. THOMAS, KELLY,[*] and MILLER, Circuit Judges.

We referred this matter to Judge Tashima as a Special Master after appellants, represented by Edward Chung, submitted to the court an article purportedly from a newspaper called *The Saudi Sun*. (Dkt. No. 66). Finding the article to be suspicious and apparently "fabricated for purposes of this litigation," we ordered Chung to show cause why sanctions should not be imposed. (Dkt. No. 74). After receiving Chung's response (Dkt. No. 79), we referred the matter to the Special Master and authorized him "to conduct any proceedings he deems appropriate to determine the legitimacy of the article" and to "prepare a written report and recommendation to this panel regarding what, if any, sanctions should

---

[*] The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

be imposed on Mr. Chung." (Dkt. No. 80).

After holding a hearing at which Chung refused to appear, the Special Master found that the article "was fabricated by Chung and that he filed it with the intent to mislead the court," and that in doing so he "perpetrated a fraud upon the court." (Dkt. No. 124). The Special Master recommended that "Chung be sanctioned by being required to reimburse Appellees for the attorneys' fees and costs (or such portion thereof as the panel deems just and proper) incurred by Appellees in addressing Chung's filing of the *Saudi Sun* exhibit in Docket No. 66 and its aftermath," and that "the panel refer this matter to the Washington State Bar for possible disciplinary proceedings." (Dkt. No. 124).

Chung filed objections to the report (Dkt. No. 125); Appellees Chevron Corporation and Chevron USA Inc. (collectively, "Chevron") filed a reply (Dkt. No. 129). Chung makes various arguments that (1) this court lacks jurisdiction to impose sanctions, (2) the Special Master violated certain procedural and due process requirements, (3) the Special Master applied incorrect substantive law, and (4) the sanctions proceedings resulted from judicial bias and misconduct. Having carefully considered those arguments, we find them meritless. We therefore adopt the report and recommendation of the Special Master.

We order Chung to reimburse Chevron for the relevant attorneys' fees and costs per the Special Master's recommendation. Chevron has submitted a

declaration that this amount is $251,313.72. (Dkt. No. 126). The determination of what portion of that amount Chung should be ordered to pay is transferred to the district court. *See* 9th Cir. R. 39-1.8.

The Clerk of Court is directed to transmit a copy of this order and of the Special Master's report and recommendation to the Washington State Bar Association for possible disciplinary proceedings for violations of the Washington Rules of Professional Conduct.

Chevron's motion to take judicial notice of the transcript of the August 26, 2022 sanctions hearing (Dkt. No. 127) is granted.

IT IS SO ORDERED.